ANTONIO DEL TORO, Petitioner, *v.* THE REGISTRAR OF PROPERTY OF SAN JUAN, SECOND SECTION, Respondent.

No. 1050. Submitted June 1, 1939.—Decided January 18, 1940.

*Angel Arroyo Rivera* for petitioner. The Registrar appeared by brief.

MR. JUSTICE TRAVIESO delivered the opinion of the Court.

The facts in this case briefly summarized are as follows: the petitioner, Antonio del Toro, during his matrimony with Rosario Núñez, acquired by purchase three urban properties situated in Cataño which we will hereafter refer to by the lots A, B, and C, respectively. On April 8, 1937, the

District Court of Bayamón at the instance of Antonio del Toro decreed the divorce of said spouses. On the 15th of the same month and year Rosario Núñez executed a promissory note for $70 to the order of Benedicta Cruz. A complaint was filed for the collection of said promissory note by Mrs. Cruz and her husband against Rosario Núñez without making Antonio del Toro a party defendant. The Municipal Court of San Juan rendered judgment in favor of the plaintiff and this judgment was affirmed by the district court on May 17, 1938. An order for the execution of said judgment was issued, the marshal attached a tenancy in common of one-half of property B, as the property of Mrs. Núñez. The order for execution as carried out was presented in the registry and the respondent registrar made a cautionary notice of the attachment in regard to said tenancy in common.

The judicial sale was carried out and a moiety of the property was adjudicated to the creditor, Benedicta Cruz, and the registrar recorded it in the name of said creditor "in regard to the half of this property which may belong to the defendant as her half of the ganancials subject to the result of the liquidation of the conjugal partnership."

On February 25, 1932, Antonio del Toro and Rosario Núñez executed a deed of *valuation, liquidation* and *division of the conjugal partnership* which had existed between them until the date of their divorce. They stated in said deed that the principal to be divided in equal parts among the parties amounted to the sum of $1,200. To pay Rosario Núñez the $600 corresponding to her, the property described under letter A and valued at $500 was adjudicated to her and it was stated that she was already in possession of it as her homestead. She was also adjudicated $10 in cash and nine promissory notes for $10 each executed by Antonio del Toro. As his part, he was given the property described under letters B and C. When this deed was presented for recording, the registrar recorded it only in regard to a half

of the property B, because said property was recorded in favor of Benedicta Cruz, the party being notified of this ruling on March 29, 1939.

On April 3, 1939, Antonio del Toro filed a petition before the respondent, whereby he requested the cancellation of the cautionary notice of the attachment in favor of Benedicta Cruz and of the seventh entry of said property B in favor of said lady and that the whole farm be recorded in the name of Antonio del Toro. As a basis of said petition it was alleged that the debt of Rosario Núñez to Benedicta Cruz was contracted seven days after the judgment of divorce against the debtor Núñez was rendered and that therefore, the conjugal partnership was not liable for said debt according to the provisions of Section 169 of the Civil Code in force, 1902 edition (Section 101 of the 1930 edition); and that the notice of attachment and the record of the sale were null because they were contrary to the provisions of Section 20 of the Mortgage Law.

On April 21, 1939, the registrar denied the cancellations requested for the reasons stated in his ruling which read as follows:

"The cancellations requested in the preceding petition are denied in view of other documents in regard to the cautionary notice of attachment, letter A, because it has already been cancelled as appears from marginal note and from the seventh recording.

"*First:* Because the property in question was acquired by Rosario Núñez while married to Antonio del Toro by purchase, as appears from the fourth entry and said lady has an interest in this property.

"*Second:* Because in the order for attachment for $90, it was stated that Rosario Núñez, the defendant, was a widow and this is one of the ways in which the conjugal partnership is dissolved; and the partnership of the defendant in the property was disputable, and what should have been done and what was thus stated, was to note the curable defect that neither a copy of the document originating the debt nor a copy of the complaint was inserted or accompanied with the order.

"*Third:* Because, if instead of stating that the defendant, Rosario Núñez, was a widow, it had been stated that she was divorced, the notice of the attachment would still have been made on her half of the ganancials; and that according to Sections 105 and 1329 of the Civil Code, 'a divorce carries with it a complete dissolution of all matrimonial ties, and the division of all property and effects between the parties to the marriage.'

"*Fourth:* Because half of the property appears recorded in favor of Benedicta Cruz, by virtue of a deed executed by the marshal in the name of Rosario Núñez after the judgment of the District Court of San Juan which affirmed that of the municipal court from which the defendant appealed; and if this record is cancelled as the petitioner Antonio del Toro pretends, a third party in due course would be deprived of the recorded right without due process of law when the records in the books of the registry of property are under the protection of the courts of justice who are the only ones who may order them canceled. (4 P.R.R. 91; 13 P.R.R. 362) when the person in whose favor the right is recorded does not consent to the cancellation.

"*Fifth:* Because it was not a voluntary sale made by Rosario Núñez, but even if it had been so, she could sell, after being divorced, an indeterminate participation in the property in the same manner as a widow could do so and this has been so held by the Supreme Court in the case of *Cortés* v. *Registrar*, 20 P.R.R. 131, 'for, according to the registrar, they are both (the spouses) the owners of the property.' 22 P.R.R. 366.

"*Sixth:* Because if the correction of a record in the books of the registry of property was involved, the interested parties would have to agree, or it would have to be made on the order of a court as Sections 256 and following of the Mortgage Law provide.

"*Seventh:* Because if the husband may not sell goods of the conjugal partnership without the express consent of the wife (Sections 91 and 1313 of the Civil Code) it is evident that the wife must have some interest in the same and this interest is what may be attached by a creditor (54 P.R.R. 219).

"*Eighth:* Because if neither the husband nor the wife may dispose but of a half of the ganancials (Section 1314 of the Civil Code), there can be no doubt that each has an interest in the property of the conjugal partnership.

"*Ninth:* Because the division of the property in case of a divorce does not prejudice the previous acquired rights of debtors (Section 1331 of the Civil Code) which is the case of Benedicta Cruz.

"*Tenth:* Because creditors cannot take part in the partition of an inheritance (2 D.P.R. 34), but they may do so in the liquidation of a conjugal partnership; and

"*Eleventh:* Because according to the decision of the Honorable Supreme Court reported in 54 P.R.R. 219, *supra,* the right of the creditor to attach property of the conjugal partnership, is unquestionable, where the attachment is made to secure payment of a debt contracted by one of the spouses."

Not satisfied with this ruling Antonio del Toro, on May 15, 1939, filed the present petition. It is based on three alleged errors, to wit:

*First:* That notice of the attachment was unduly taken because the creditor had no authority to'subject a property recorded in the name of a person different from that of the defendant-debtor to the result of a judgment.

*Second:* That the record of the half of property B was unduly made in favor of the creditor because the debtor had no capacity to convey said participation by a deed executed by the marshal in favor of the creditor.

*Third:* In refusing to record the title of the petitioner as to all of property B and to cancel the annotation and record in favor of Benedicta Cruz.

The respondent was notified in time to answer in writing and he has limited himself to presenting a literal certificate of the notice of the attachment, of the order by virtue of which said attachment was made and of the recording of adjudication of property B made to Benedicta Cruz. In the order of attachment issued by the Municipal Court of Bayamón it was stated that: "the personal circumstances of the parties are: both are widows, of legal age, domestic and residents of Cataño"; and, as it is natural, the notice of attachment and the record in question state those same personal circumstances.

The fundamental question involved in this petition—and which we must decide before we may consider the different legal questions raised in the same—is: is the registrar au-

884

thorized to cancel on petition a notice and a record, the first made by virtue of a mandate or order issued by a court of justice, and the second, by virtue of a public deed executed by the marshal without the conformity and appearance of the interested parties?

Article 82 of the Mortgage Law in its pertinent part provides:

"Records or cautionary notices made by virtue of a public instrument can be canceled only by a final order from which no appeal for its annulment or reversal is pending, or by another instrument or authentic document in which the person in whose favor the record or entry may have been made, or his assigns or legal representatives signify their consent to the cancellation.

" *         *         *         *         *         *         *

"Records or entries made under a court order may be canceled only by virtue of final orders of the character mentioned in the first paragraph of this article."

The cautionary notice of attachment in this case was made by virtue of an order issued by the municipal court to secure the effectiveness of the judgment which might have been rendered in a suit for the collection of money. The record whose cancellation is requested was made by virtue of a public deed of sale of the attached property executed by the marshal to carry out a judgment of the District Court of San Juan affirming that rendered by the Municipal Court of Bayamón.

It does not matter which or how many causes of nullity may be invoked against the title possessed by Benedicta Cruz in regard to one half of property B, the registrar is not authorized as such to cancel on petition the records in the registry. He may only do so by a judicial order against which no appeal is pending or by a public deed or authentic document wherein the person in whose favor the record has been made expresses his consent. To uphold the contrary view would be the same as deciding that a person may be deprived of his rights or property without due process of law. See:

*Martínez* v. *Registrar,* 4 P.R.R. 91; *Bolívar* v. *Registrar,* 13 P.R.R. 362; and *Banco de Puerto Rico* v. *Registrar,* 50 P.R.R. 693.

The registrar did not err in refusing to make the requested cancellations. The ruling appealed from must be affirmed.